Filed 12/4/14  P. v. Brogdon CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN KEVIN BROGDON,<br><br>    Defendant and Appellant. | 2d Crim. No. B256567<br>(Super. Ct. No. 14PT-00067)<br>(San Luis Obispo County) |

        John Kevin Brogdon appeals a judgment committing him to the State Department of State Hospitals (SDSH) for treatment as a mentally disordered offender (MDO).  (Pen. Code, § 2962.)[1]  We conclude, among other things, that substantial evidence supports the finding that Brogdon's severe mental disorder was "one of the causes of or was an aggravating factor" in the commission of his commitment offense.  (*Id.*, subd. (b).)  We affirm.

FACTS

        On November 5, 2012, Brogdon's wife asked him to "clean up some of his belongings" in the living room of their home.  Brogdon "used both of his hands to push her in the chest causing her to fall."  When police arrived, they saw "some bruising on her chest."  Brogdon told police "he did not feel his medications were working correctly."

_____

[1] All statutory references are to the Penal Code unless stated otherwise.

A few days before the attack on his wife, Brogdon "committed himself" to a "county mental health in-patient facility." While there, he became "paranoid" and believed the hospital staff was "trying to hurt him." He was placed on a "5150" psychiatric hold. (Welf. & Inst. Code, § 5150.) He was "released" from the psychiatric facility the "day of the offense."

Brogdon was convicted of corporal injury to a spouse (§ 273.5, subd. (a)) and sentenced to serve a state prison term.

Prior to his scheduled release date, the Board of Parole Hearings determined Brogdon met the criteria as an MDO.

Brogdon filed a petition for a hearing (§ 2966, subd. (b)) and requested appointment of counsel. The trial court appointed counsel for him and Brogdon waived his right to a jury trial.

At trial, Brandi Mathews, an Atascadero State Hospital psychologist, testified that Brogdon has a severe mental disorder. Brogdon "suffers from schizo-affective disorder, bipolar type" and his "psychotic symptoms include auditory hallucinations" and "visual hallucinations." He was sentenced to prison for corporal injury to a spouse. This was a crime involving "force or violence."

Mathews testified that Brogdon's "severe mental disorder" was "an aggravating factor" in the commission of that crime. Brogdon's mental disorder was not in remission and it could not be "kept in remission without treatment." Mathews said Brogdon received the required 90 days of treatment and poses "a substantial danger of physical harm to others by reason of his severe mental disorder." She concluded that Brogdon met all the criteria for an MDO commitment.

Brogdon testified that he believes he has "a mental disorder." Before committing the offense, he "was having . . . mental health difficulties." He said, "I just knew I had to get some mental health stable." He was released from the hospital on the day of the offense. He said, "They never let you out unless you're all squared away." At the time of the offense, he "was tired from medication and stuff."

2

Brogdon's counsel and the prosecutor agreed to admit into evidence psychological assessment reports regarding Brogan by psychologists Richard Blak, Sergio Castillo, and George Grosso. Blak and Castillo concluded Brogdon's disorder was a cause or aggravating factor in his commission of the offense. Grosso reached the opposite conclusion.

The trial court found "the opinion given by Dr. Mathews" was the "most compelling analysis" on whether the disorder was a cause or an aggravating factor in the offense. It found "the severe mental disorder was, at least, an aggravating factor in the commitment offense." The court ruled the prosecution had established the elements for an MDO commitment.

## DISCUSSION

### *Substantial Evidence*

Brogdon contends there is insufficient evidence to support the finding that his severe mental disorder was a cause or aggravating factor in committing his commitment offense. We disagree.

"A determination that a defendant requires treatment as an MDO rests on six criteria, set out in section 2926: the defendant (1) has a severe mental disorder; (2) used force or violence in committing the underlying offense; (3) had a disorder which caused or was an aggravating factor in committing the offense; (4) the disorder is not in remission or capable of being kept in remission absent treatment; (5) the prisoner was treated for the disorder at least 90 days in the year before being paroled; and (6) because of the disorder, the prisoner poses a serious threat of physical harm to other people." (*People v. Clark* (2000) 82 Cal.App.4th 1072, 1075-1076.)

In deciding the sufficiency of the evidence, we draw all reasonable inferences in support of the judgment. "'[I]f the [finding] is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder.'" (*People v. Clark, supra*, 82 Cal.App.4th at p. 1083.)

3

Brogdon contends "the only reasonable conclusions as to the causation element were those reached by Grosso." Grosso concluded Brogdon's disorder was not a cause or aggravating factor in the commission of the offense. But the issue is not whether some evidence supports Brogdon, it is only whether substantial evidence supports the judgment.

Here the trial court decided Mathews's testimony was entitled to greater weight than Grosso's opinion. It rejected Grosso's analysis. We do not weigh the evidence or decide the credibility of the witnesses. That is exclusively the role of the trier of fact. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) Mathews testified Brogdon's disorder was an aggravating factor in the commission of the offense. Blak and Castillo also reached the conclusion that it was a causal or aggravating factor. Consequently, the court's finding is supported by three of the four psychologists whose assessments were admitted into evidence.

Brogdon contends there is no evidence of any delusional conduct involving the crime. But Blak noted that Brogdon called the police after he attacked his wife and had delusions about the Mexican mafia. Blak said Brogdon's "delusional focus of having the 'Mexican mafia' out to harm him" was the reason Brogdon called police to report his crime. Brogdon was also on "some form of psychotropic medication which he reported was not working at the time of the offense." Blak said Brogdon's behavior was not normal and "a dramatic over reaction to a disagreement."

Castillo said Brogdon "exhibited a long history of symptoms indicative of a severe mental disorder prior to and since his commission of his qualifying offense." Brogdon claimed he was "all squared away" after being released from the psychiatric hospital on the day of the offense. But Castillo said a "Schizoaffective Disorder does not typically remit spontaneously."

Mathews testified that Brogdon's statement that his medication was not working was "his way of saying he felt unstable and it could have been a reason for his behavior." She said "his mental illness predates the offense." Brogdon told Mathews that a few days before the offense he "felt psychiatrically unstable." A significant factor was

4

Brogdon's release from the psychiatric hospital on the same day he committed the offense. Mathews said, "The fact that he was simply released, in my opinion, does not [mean] he was psychiatrically stable and had no symptoms."

Mathews said, "During my interview, he was quite candid and indicated he was unstable at the time and he believed his mental illness, along with substance abuse, did play a role in his offense."

Brogdon testified that before the crime he "was having . . . mental health difficulties." The evidence is sufficient.

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____


Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, John Yang, Deputy Attorney General, for Plaintiff and Respondent.